UNITED STATES DISTRICT COURT

NEW JERSEY DISTRICT COURT

| | |
|---|---|
| JOSEPHINE GUZMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>            Plaintiff,<br><br>DEVILS ARENA<br>            ENTERTAINMENT LLC,<br>            Defendant. | Case #  _____<br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Josephine Guzman ("Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations based upon her personal knowledge of her own acts and, otherwise, upon information and belief including based upon investigation of counsel.

NATURE AND SUMMARY OF THE ACTION

l.     Plaintiff, by and through the undersigned counsel, brings this action both on her own behalf and on behalf of the class defined below, comprised of all individuals similarly situated to redress the unlawful commercial practices employed by Defendant Devils Arena Entertainment LLC (hereinafter "Defendant" and/or "DAE") regarding unlawful terms and conditions displayed in two separate sections on Defendant's website, www.prucenter.com.[1] Specifically, and as detailed more fully below, Defendant's website contains a consumer contract (entitled "Terms & Conditions") that purports to impose illegal, exculpatory and other such provisions upon all users of that website and purports to nullify certain legal duties and responsibilities Defendant owes its consumers.

2.     Defendant has imposed the unfair, one-sided provisions in its Terms & Conditions

---

[1] Copies attached as Exhibit "1", website accessed April 8, 2016

1

in violation of certain statutory and common law standards and New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNN'), N.J.S.A. 56:12-14 *et seq.*

### PARTIES

3.      Plaintiff Josephine Guzman is an individual adult and resides in Congers, Rockland County, New York, and is a member of the Class alleged herein.

4.      Plaintiff purchased various admission tickets recently and during the past 6 years to entertainment and/or sports events held at the Prudential Center in Newark, NJ which is operated by the Defendant and through the Defendant's website, www.prucenter.com. Plaintiff and Class Members are "consumers" and/or "prospective consumers" as defined by N.J.S.A. 56:12-14 *et seq.*

5.      Defendant, Devils Arena Entertainment LLC has its principal place of business located at 165 Mulberry St., Newark, New Jersey.  Defendant is a "seller" as described in N.J.S.A. 56:12-14 *et seq.*

6.      At all relevant times, Defendant operated a sports and entertainment center in Newark, NJ known as the Prudential Center and sold tickets for admission to events held at the Center by means of its website, www.prucenter.com in the State of New Jersey, to citizens of other states and countries utilizing unfair, one-sided provisions contained in its "Terms & Conditions" consumer contract which violate New Jersey law. A consumer purchasing admission tickets to the Defendant's events are directed on Defendant's website to a third party, Ticketmaster L.L.C., which handles the actual

2

transaction which includes ticket selections, prices, collection of funds and distribution of the tickets. The Ticketmaster activities are incorporated into Defendant's website.

7.      Defendant markets its sports and entertainment events throughout the world from the State of New Jersey by means of its website and corporate headquarters operation located in the State of New Jersey. Defendant also maintains and operates its sports and entertainment facility located in the State of New Jersey. As such, New Jersey courts maintain a significant interest in regulating Defendant's conduct which emanates from New Jersey.

JURISDICTION AND VENUE

8.      Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), because members of the proposed Class are citizens of states different from Defendant's home state, there are more than 100 Class Members, and the amount in-controversy exceeds $5,000,000, exclusive of interest and costs.

9.      This Court has jurisdiction over the Defendant because Defendant is physically present in the State of New Jersey and also has sufficient minimum contacts with New Jersey and/or otherwise intentionally avails itself of the laws and markets of New Jersey, through the promotion, sale, marketing and distribution of its services in New Jersey, to render the exercise of jurisdiction by the New Jersey courts permissible.

10.     Venue is proper in this District under 28 U.S.C. 1391(b) because Defendant's improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district and/or because the Defendant is subject to personal jurisdiction in this district.

<u>FACTUAL ALLEGATIONS</u>

11.     Defendant offers its sports and entertainment activities for personal, family or household purposes throughout the world, via its website, www.prucenter.com.

12.   Plaintiff and Class Members purchased admission tickets through Defendant's website and/or were prospective consumers otherwise displayed and/or offered the "Terms & Conditions" on Defendant's website (in two separate sections). Their rights with respect to the products were purportedly governed by two separate website documents entitled "Terms & Conditions".

13.     The "Terms & Conditions" purport to be a binding agreement between Defendant and all parties who use the website and/or purchase any of the tickets available on Defendant's website, as shown below. "terms & conditions

PRUDENTIAL CENTER TERMS OF USE [Revised through 3/22/2012] WELCOME TO THE OFFICIAL WEBSITE OF THE PRUDENTIAL CENTER ("Website"), LOCATED IN NEWARK, NJ. THE FOLLOWING TERMS AND CONDITIONS APPLY TO YOUR USE OF THE WEBSITE. PLEASE CAREFULLY READ THESE TERMS AND CONDITIONS OF USE ("Terms of Use") BEFORE ACCESSING AND/OR USING THE WEBSITE.

1.) ACCESS AND USE OF THE WEBSITE: By accessing and using the Website, you signify your agreement to these Terms of Use, as well as the Prudential Center's Privacy Policy, and all applicable laws and regulations governing your access and use of the Website. We reserve the right, at our discretion, to change, modify, add or remove portions of these Terms of Use at any time. Please check these Terms of Use periodically for changes. Your continued use of this Website following the posting of changes to these Terms of Use will mean you accept those changes. If you do not agree to these Terms of Use, please do not access and use the Website. In addition, hereby incorporated into the Terms of Use are all special terms, conditions and rules that may be referred to by

4

particular features and services located on the Website that may be applicable to your access and/or use of such features or services. These Terms of Use apply whether you are accessing the Website and/or services through the use of your personal computer, a mobile device or any other technology or software known today or developed in the future."

**Additionally, the website has a section entitled "Advanced Services" under their "Account Management" section that provides:** "Terms of UseClose

Your Consent to these Terms, and How these Terms may be Amended

You are currently visiting a section of the Prudential Center web site, or reviewing an e-mail, that features advanced ticketing transaction technologies and services (such section of the Prudential Center web site, e-mail, technologies and services, are collectively referred to as the "Advanced Services"). Some of the Advanced Services are provided by the Prudential Center, and some of the Advanced Services are provided by Ticketmaster. The following are the Terms that govern your use of the Advanced Services. While using the Advanced Services you may see links that, when clicked on, will take you to Internet sites operated by the Prudential Center, Ticketmaster or others that are not part of the Advanced Services. Please review the terms of use appearing with those sites and services, as those terms will govern those sites and services instead of these Terms. If there is a conflict between these Terms and any other terms, then these Terms shall govern.

By using the Advanced Services, you expressly agree to be bound by and comply with these Terms, and all applicable laws and regulations, and also agree to be bound by any additional non-conflicting terms or conditions on which you have or will agree with Ticketmaster L.L.C. ("Ticketmaster") or the Prudential Center. These Terms shall constitute a valid, binding and enforceable legal agreement among you, the Prudential Center and Ticketmaster. There shall be no oral or implied agreement between you and Ticketmaster, you and the Prudential Center, or you, Ticketmaster and the Prudential Center that shall be binding or enforceable, and all parties agree not to claim that there is.

Ticketmaster reserves the right to change these Terms at any time, by posting a link to, or posting, the new Terms where the Advanced Services are provided. Such change shall be effective with respect to you commencing the first time that you visit this web site or otherwise use the Advanced Services after such changed Terms have been posted. Please review the Terms periodically to see whether they have changed."

14.   The binding provisions in the "Terms & Conditions" in both sections of their website purport to impose illegal conditions upon customers who visit Defendant's website and/or purchase tickets from the site.

15.   Despite clear law to the contrary, Defendant's "Terms & Conditions" purport to deprive Plaintiffs of their legal rights to pursue a remedy for harms arising from Defendant's tortious acts.

5

Similarly, the Terms of Use purport to absolve Defendant of its responsibility to refrain from creating an unreasonable risk of harm to consumers and protecting against the unlawful acts of third parties.

16. The "Terms & Conditions" also purport to absolve Defendant from any liability for providing a dangerous or substandard arena in which to enjoy the performances or events consumers are to attend. Likewise, under the "Terms & Conditions", it appears that Plaintiffs are inappropriately barred and/or limited in seeking damages for injuries occurring from Defendant's events.

17. All of these provisions violate the TCCWNA.

A. <u>Terms and Conditions Which Purport to Exculpate Defendant From Liability for Any and All Tortious Actions and Purport to Deny Plaintiffs Grounds for Redress Violate the TCCWNA.</u>

18. New Jersey law specifically prohibits the type of exculpatory clause contained in Defendant's "Terms & Conditions". Exculpatory provisions are disfavored by New Jersey law because "they undermine one purpose of tort law, which is to deter careless behavior by a party in the best position to prevent injuries in the first place." *See,* Martinez-Santiago v. Public Storage, 38 F.Supp.3d 500, 512-513 (DNJ, 2014) ("[h]ere, the exculpatory provision purports to hold [defendant] harmless for most losses incurred by consumers, except those that are the direct result of [defendant's] fraud or willful conduct. Although Plaintiff plausibly pleads that such a broad exculpatory provision is not permitted under New Jersey law, the provision purports to be enforceable in the lease agreement. Plaintiff states a valid claim that this is the kind of provision that TCCWNA was designed to address."); "Even if unambiguous, it is well-established that exculpatory contracts will not be enforced where they are contrary to public policy (citations omitted)". Marcinczyk v. State of New Jersey Police Training Comm 'n, 203 N.J. 586, 593 (2010).

19. Defendant purports to disclaim all liability:

6

Disclaimer; Limitation of Liability

Ticketmaster, the Prudential Center, their respective affiliates, successors, assignees and licensees, and each of the foregoing's respective officer, directors, employees and contractors (all such persons, including, but not limited to Ticketmaster, the "Released Parties") do not make any guarantee that any tickets posted will be purchased through the Advanced Services, or that any tickets forwarded or distributed will be accepted by the intended recipient. THE RELEASED PARTIES SHALL NOT BE LIABLE FOR ANY DIRECT, INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES ARISING OUT OF YOUR OR ANYONE ELSES' ACCESS TO, USE OF OR INABILITY TO USE THE ADVANCED SERVICES, ANY INFORMATION PROVIDED ON THE ADVANCED SERVICES OR ANY TRANSACTIONS OR OTHER ACTIVITIES ENTERED INTO THROUGH THE ADVANCED SERVICES (EVEN IF SUCH RELEASED PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES). IN NO EVENT SHALL THE RELEASED PARTIES' AGGREGATE LIABILITY UNDER THESE TERMS EXCEED THE TOTAL AMOUNTS PAID BY YOU TO THE RELEASED PARTIES THROUGH THE USE OF THE ADVANCED SERVICES. WITHOUT LIMITING THE FOREGOING, THE ADVANCED SERVICES ARE PROVIDED ON AN "AS IS" AND "AS AVAILABLE" BASIS, WITHOUT WARRANTY OF ANY KIND, EITHER EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND NON-INFRINGEMENT. No information, whether oral or written, obtained by you from any Released Party shall create any warranty not expressly made in these Terms. No Released Party shall be liable for any damages to, or viruses that may infect, your computer equipment or other property on account of your access to or use of the Advanced Services or your downloading of any material or information from, or referred to by, the Advanced Services.

The other portion of their website provides the following:

"5.) DISCLAIMER: THIS WEBSITE AND ITS CONTENTS ARE PROVIDED WITHOUT ANY REPRESENTATIONS

OR WARRANTIES OF ANY KIND, EITHER EXPRESS OR IMPLIED. THE PRUDENTIAL CENTER DISCLAIMS

ALL REPRESENTATIONS AND WARRANTIES, INCLUDING BY WAY OF EXAMPLE BUT NOT LIMITATION, AS

TO FITNESS FOR A PARTICULAR PURPOSE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAWS.

IN ADDITION, THE PRUDENTIAL CENTER DOES NOT REPRESENT OR WARRANT THAT THE INFORMATION

AND/OR FACILITIES ON OR ACCESSIBLE VIA THIS WEBSITE ARE ACCURATE, COMPLETE OR CURRENT,

OR THAT THIS WEBSITE OR ANY SOFTWARE ON THIS WEBSITE WILL BE FREE OF DEFECTS, INCLUDING,

BUT NOT LIMITED TO, VIRUSES, WORMS, OR OTHER HARMFUL ELEMENTS THAT MAY DAMAGE OR

DESTROY YOUR COMPUTER HARDWARE OR SOFTWARE OR TELECOMMUNICATIONS APPARATUS. THE

USER OF THIS WEBSITE ASSUMES ALL COSTS ARISING AS A RESULT OF THE USE OF THIS WEBSITE. While

the Prudential Center tries to provide accurate information on this Website, the Prudential Center explicitly disclaims any

responsibility for the accuracy, Content, or availability of information found on sites that link to or from this Website. The

Prudential Center cannot ensure that you will be satisfied with any products or services that you purchase from a third-party

site that links to or from this Website or third-party content on our Website. The Prudential Center does not endorse any of

the merchandise, nor have we taken any steps to confirm the accuracy or reliability of any information contained in such third-party sites or content. The Prudential Center does not make any representations or warranties as to the security of any information (including, without limitation, credit card and other personal information) you might be requested to give any third-party, and you hereby irrevocably waive any claim against us with respect to such sites and third-party content. The Prudential Center strongly encourages you to make whatever investigation you feel necessary or appropriate before proceeding with any online or offline transaction with any of these third parties. Please advise the Prudential Center (at the contact information provided below) if you discover any inaccuracy in the Content."

These provisions purport to bar Plaintiffs from asserting any cause of action against Defendant for its negligence or failure to exercise a basic standard of care in its dealings with consumers and/or prospective consumers. Likewise, the provision purports to absolve Defendant of its legal responsibility to exercise reasonable care and avoid creating an unreasonable risk of harm to consumers.

20.     Under well-established New Jersey law, Defendant owes a duty of care to Plaintiffs to avoid creating an unreasonable risk of harm. Plaintiffs harmed by Defendant's unreasonable conduct are entitled to collect damages. This provision purports to remove Defendant's responsibility to act reasonably and purports to bar Plaintiffs from redress for a breach of Defendant's standard of care. This provision is contrary to New Jersey law. *See, e.g.* "We hold that a real estate broker has a duty to ensure through reasonable inspection and warning the safety of prospective buyers and visitors who tour an open house". Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 448 (1993).

21.     As such, the exculpatory clauses, as well as the other clauses stated hereafter, violate the TCCWNA.

22.     It was, however, the Legislature's intent in drafting the TCCWNA to prevent against this type of harm. A provision that purports to absolve Defendant of liability in contract, tort, or otherwise resulting from its dangerous premises is unlawful.

8

**B. Terms and Conditions Which Purport to Deny Rights. Responsibilities and Remedies Under the New Jersey Punitive Damages Act ("NJPDA") Violate the TCCWNA.**

23.    Additionally, Defendant purports to deprive Plaintiffs of their remedies under the NJPDA. N.J.S.A.2A:15-5.9 *et seq.*

24.    As set forth above, Defendant represents that persons using its website are barred from seeking redress against Defendant because the site states: "THE RELEASED PARTIES SHALL NOT BE LIABLE FOR ANY DIRECT, INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES ARISING OUT OF YOUR OR ANYONE ELSES' ACCESS TO, USE OF OR INABILITY TO USE THE ADVANCED SERVICES ***". Additional sections of the website state:

"6.) LIMITATIONS OF LIABILITY: TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAWS, NEITHER THE PRUDENTIAL CENTER NOR ANY OF ITS DIRECTORS, MEMBERS, SHAREHOLDERS, PARTNERS, EMPLOYEES, AGENTS, CONTRACTORS AFFILIATES OR OTHER REPRESENTATIVES WILL BE LIABLE FOR ANY LOSS OR DAMAGES (WHETHER DIRECT OR INDIRECT AND WHETHER CAUSED BY NEGLIGENCE OR OTHERWISE) ARISING OUT OF OR IN CONNECTION WITH THE USE OF, OR INABILITY TO USE, THE MATERIALS IN AND/OR FACILITIES OR SERVICES OFFERED THROUGH THIS WEBSITE, INCLUDING, BUT NOT LIMITED TO, INDIRECT, SPECIAL OR CONSEQUENTIAL LOSS OR DAMAGES, LOSS OF DATA, INCOME, PROFIT OR OPPORTUNITY, LOSS OF OR DAMAGE TO PROPERTY AND CLAIMS OF THIRD PARTIES (EVEN IF THE PRUDENTIAL CENTER HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH LOSS OR DAMAGES, OR SUCH LOSS OR DAMAGES WERE REASONABLY FORESEEABLE). IF THIS CLAUSE IS UNENFORCEABLE IN WHOLE OR IN PART IN ANY JURISDICTION DUE TO RELEVANT LAWS, THEN IN NO EVENT SHALL THE TOTAL LIABILITY TO YOU OF THE PRUDENTIAL CENTER OR ANY OF ITS DIRECTORS, MEMBERS, SHAREHOLDERS, PARTNERS, EMPLOYEES, AGENTS, CONTRACTORS AFFLIATES OR OTHER REPRESENTATIVES FOR ALL DAMAGES, LOSSES AND CLAIMS (WHETHER IN CONTRACT OR TORT (INCLUDING, BUT NOT LIMITED TO, NEGLIGENCE)), OR OTHERWISE EXCEED THE AMOUNT PAID BY YOU, IF ANY, FOR ACCESSING THIS WEBSITE. NOTHING IN THIS CLAUSE SHALL LIMIT OR EXCLUDE ANY LIABILITY FOR DEATH OR PERSONAL INJURY RESULTING FROM NEGLIGENCE."

25.    This language purports to take away Plaintiffs clearly established rights under the NJPDA to pursue punitive damages against defendants who with actual malice or wanton and willful disregard cause harm to foreseeable plaintiffs. N.J.S.A. 2A:15-5.12.

26.    Plaintiffs' right to pursue punitive damages against defendants who are recklessly indifferent to the consequences of harm to others is dually well recognized by New Jersey common law. *See, e.g.* Smith v. Whitaker, 160 N.J. 221, 241 (1999); Nappe v. Anschelewitz, Barr, Ansell & Bonelio, 97 N.J. 37, 49 (1984); *see also* Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997)(noting that to justify punitive damages award defendant's conduct must be reckless); DiGiovanni v. Pessel, 55 N.J. 188, 190 (1970)(noting punitive damages may be justified by defendant's "conscious and deliberate disregard of the interests of others")(quoting William Prosser, *Handbook on the Law of Torts* (2d ed. 1955)).

27.    A provision that purports to bar Plaintiffs from exercising their rights under the NJPDA is therefore unlawful. Likewise, such a provision is shocking to the conscience in that it purports to absolve Defendant of its duty to refrain from willfully and/or recklessly creating an unreasonable risk of harm to others. Indeed, Defendant's Terms of Use additionally state that it will not be liable for any damages **"EVEN IF SUCH RELEASED PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES."** The other section also states:  LIMITATIONS OF LIABILITY: TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAWS, NEITHER THE PRUDENTIAL CENTER NOR ANY OF ITS DIRECTORS, MEMBERS, SHAREHOLDERS, PARTNERS, EMPLOYEES, AGENTS, CONTRACTORS AFFILIATES OR OTHER REPRESENTATIVES WILL BE LIABLE FOR ANY LOSS OR DAMAGES (WHETHER DIRECT OR INDIRECT AND WHETHER CAUSED BY NEGLIGENCE OR OTHERWISE) ARISING OUT OF OR IN CONNECTION WITH THE USE OF, OR INABILITY TO USE, THE MATERIALS IN AND/OR FACILITIES OR SERVICES OFFERED THROUGH THIS WEBSITE, INCLUDING, BUT NOT LIMITED TO, INDIRECT, SPECIAL OR CONSEQUENTIAL LOSS OR DAMAGES, LOSS OF DATA, INCOME, PROFIT OR OPPORTUNITY, LOSS OF OR DAMAGE TO PROPERTY AND CLAIMS OF THIRD PARTIES (EVEN IF THE PRUDENTIAL CENTER HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH LOSS OR DAMAGES, OR SUCH LOSS OR DAMAGES WERE REASONABLY FORESEEABLE).

10

28.     These provisions purport to insulate Defendant even if an accusation of punitive damages is specifically pled in a complaint as required by N.J.S.A.2A:15-5.l  and Defendant is expressly made aware its conduct is malicious or willfully and/or wantonly reckless.

29.     Such provisions are unlawful under the NJPDA in that they purport to deny Plaintiffs their legal rights under the Act. Additionally, the provisions purport to absolve Defendant of any accountability in the form of punitive damages even if expressly made aware that its conduct is expressly malicious or wantonly and/or willfully reckless.

30.     These provisions thereby violate the TCCWNA.

THE   REMAINDER   OF   THIS   PAGE   INTENTIONALLY   LEFT   BLANK

C. <u>Provisions Which Purport to Remove Defendant's Responsibility for Certain Acts of Third Parties and Purport to Bar Plaintiffs Grounds for Redress Violate the TCCWNA</u>

31.    The "Terms & Conditions" violate New Jersey law in that they purport to absolve Defendant of their duty to protect customers against harm arising from third-party acts. *See, e.g.* <u>Butler v. Acme Markets, Inc</u>., 89 N.J. 270, 284 (1982) (upholding duty imposed on business owner to protect against third-party criminal acts since, "the business invitor is in the best position to provide either warnings or adequate protection for its patrons... [and] the public interest lies in providing a reasonably safe place for a patron to shop[.]"); <u>Trentacost v. Brussel</u>, 82 N.J. 214, 231 (1980) (landlord owes duty to tenant to provide reasonable security measures protecting against criminal acts of third-parties).

32.    Defendants have a clear duty under the common law to provide a safe environment for their customers. The fact that Defendants sell their services for events online should not absolve them of their well-defined duty to protect customers from the criminal acts of third-parties. Indeed, in today's modern-society the internet has become the shopping mall and third-party computer hackers the pickpockets. *See*, <u>Butler</u>, *supra*.

33. The Federal Trade Commission ("FTC") and Federal Communications Commission ("FCC") have promulgated standards for businesses to safeguard against the disclosure of sensitive consumer information to third-party criminal hackers. According to the FTC, "it is almost impossible to be in business and not collect or hold personally identifying Information, names and addresses, Social Security numbers, credit card numbers, or other

12

account numbers — about your customers, employees, business partners, students, or patients. If this information falls into the wrong hands, it could put these individuals at risk for identity theft."[1] Accordingly, the FTC instructs business owners to take safeguards to prevent against the disclosure of customer information to criminal third-parties and to follow state and federal notification requirements if and/when a breach occurs. *Id.*

34.   Likewise, the FCC, in connection with the Department of Homeland Security, the National Cyber Security Alliance and The Chamber of Commerce promulgates a set of standards for business owners to follow to protect consumer information from third-party criminal hackers. According to the FCC, businesses are under an obligation "to do more to protect against growing cyber threats."[2] How a business "handle[s] and protect[s] . . . data is central to the security of [the] business and the privacy expectations of customers, employees and partners." *Id.* at PDS-l . Under the FCC's guidelines "[a]ll companies should develop and maintain clear and robust policies for safeguarding critical business data and sensitive information[.]" *Id.* at PDMI-I.

35.   Indeed, the FCC explicitly acknowledges, "[p]rivacy is important for your business and your customers. Continued trust in your business practices, products and secure handling of your clients' unique information impacts your profitability. Your privacy policy is a pledge to your customers that you will use and protect their information in ways that they expect and that adhere to your legal obligations . . . [customers expect you to make their privacy a priority . . you will be held accountable for what you claim and offer in your policy." *Id.* at PDS-2. Indeed, emerging technology offers "cyber criminals many new ways to victim your business, scam your

_____

_____

13

1   Federal Trade Commission, *Information Compliance and The Risk of Identity Theft* Guidance for Your Business (2004), https://www.ftc.gov/tips-advice/business-center/guidance/information.

2   Federal Communications Commission, Cyber Security Planning Guide, https://transition.fcc.gov/cyber/cyberplanner.pdf.

customers and hurt your reputation." *Id.* at SF-I. As such, business owners are directed to implement various action items including training plans for employees, protections against online fraud, protections against malware and fake antivirus offers and other malicious software. *Id.* at SF-I to SF-3.

36.   In no uncertain terms, the FCC warns business owners of the consequences of failing to take proper security measures to protect against third-party criminal acts:

> Website security is more important than ever. Web servers, which host the data and other content available to your customers on the Internet, are often the most targeted and attacked components of a company's network. Cyber criminals are constantly looking for improperly secured websites to attack, while many customers say website security is a top consideration when they choose to shop online. As a result, it is essential to secure servers and the network infrastructure that supports them. The consequences of a security breach are great: loss of revenues, damage to credibility, legal liability and loss of customer trust.

*Id.* at WS-I. Additionally, the FCC endorses the use of Operational Security measures to identify critical protected information, analyze threats to and vulnerability of that information and countermeasures available to mitigate those threats. *Id.* at OS-I. Explicitly, the FCC states that if a business "accepts payments by credit or debit card[s], it is important to have security steps in place to ensure . . . customer information is safe." *Id.* at PC-I.

37.   With these standards in mind, the United States District Court, District of New Jersey recently upheld a claim against business owners who failed "to implement reasonable and appropriate security measures" protecting their online clients' information from data breaches effectuated by third-party hackers. F.T.C. v. WyndhamWorldwide Corp., 10 F.Supp.3d 602, 608-

14

09 (DNJ, 2014) (denying defendant online hotel company's motion to dismiss and agreeing with the FTC that online companies' substandard online security measures were cause in fact of plaintiffs' injuries — despite intervening acts of third-party hackers.).

38.    Additionally, the New Jersey Legislature has devoted an entire statutory regime towards regulating online businesses safeguarding of customers' personal information from third party criminal hackers. N.J.S.A.56:8-161, *et seq.* Failure to comply with the statutory mandates and take proper safeguards to notify and protect against the dissemination of customers' personal information — even if disclosed as the result of third-party criminal acts — is a tortious offense and actionable under the New Jersey Consumer Fraud Act. N.J.S.A. 56:8-3; 56:8-3.1. A violation of the Consumer Fraud Act thereby constitutes a violation of the TCCWNA.

39.    Despite the controlling statutes, common law and FTC and FCC guidelines, Defendant purports to absolve itself of the responsibility to take reasonable measures and statutorily fixed measures to protect consumers from third-party criminal hackers.

40.    Defendant includes in its "Terms & Conditions" the language, " THE RELEASED PARTIES SHALL NOT BE LIABLE FOR ANY DIRECT, INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES ARISING OUT OF YOUR OR ANYONE ELSES' ACCESS TO, USE OF OR INABILITY TO USE THE ADVANCED SERVICES, ANY INFORMATION PROVIDED ON THE ADVANCED SERVICES OR ANY TRANSACTIONS OR OTHER ACTIVITIES ENTERED INTO THROUGH THE ADVANCED SERVICES (EVEN IF SUCH RELEASED PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES). IN NO EVENT SHALL THE RELEASED PARTIES' AGGREGATE LIABILITY UNDER THESE TERMS EXCEED THE TOTAL AMOUNTS PAID BY YOU TO THE RELEASED

15

PARTIES THROUGH THE USE OF THE ADVANCED SERVICES. WITHOUT LIMITING THE FOREGOING, THE ADVANCED SERVICES ARE PROVIDED ON AN "AS IS" AND "AS AVAILABLE" BASIS, WITHOUT WARRANTY OF ANY KIND, EITHER EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND NON-INFRINGEMENT. No information, whether oral or written, obtained by you from any Released Party shall create any warranty not expressly made in these Terms. No Released Party shall be liable for any damages to, or viruses that may infect, your computer equipment or other property on account of your access to or use of the Advanced Services or your downloading of any material or information from, or referred to by, the Advanced Services."

41.     The Legislature, Courts and Regulatory Agencies have identified steps defendants are required to take to protect consumers from harms perpetuated by third-party criminals. The above language purports to absolve Defendant of these aforementioned responsibilities. Likewise, the provision purports to bar Plaintiffs from seeking redress under the common law or N.J.S.A. 56:8-161, *et seq.* for Defendant's failure to protect against third-party criminal acts.

42.     Defendants have a duty to take reasonable steps to prevent harm to consumers and prospective consumers arising from third-party criminal acts. Plaintiffs have a means of redress for Defendants failure to take steps to protect against harms perpetuated by third-party criminals. Additionally, the Terms state: "In the on-line processing of credit card transactions, the Website incorporates reasonable safeguards to protect the security of your personal information. However, it is always possible that any personal information transmitted or disclosed online can be intercepted by others and used unlawfully. Accordingly, the Prudential Center cannot warrant the security of your personal information."

These clauses purport to take away these rights and responsibilities and thus violates the TCCWNA.

Defendant's "Terms & Conditions" Violate N.J.S.A. 56:12-15

16

43.     New Jersey consumer protection laws, including the TCCWNA, are designed to protect consumers and potential consumers from the type of unconscionable and illegal provisions contained in Defendant's "Terms & Conditions" as set forth above.

44.     Defendant's imposition upon consumers and prospective consumers of the above described provisions in its "Terms & Conditions" violates certain common law standards and statutory provisions, including, but not limited to the New Jersey Punitive Damages Act, and thus violates TCCWNA, most particularly N.J.S.A. 56:12-15.

45.     Plaintiff therefore brings the statutory claim alleged herein to halt Defendant's continued use of the illegal language in its disclaimers of liability provisions (as well as the indemnification and limits of liability provisions) included in the "Terms & Conditions" on Defendant's website, and to impose those remedies provided for in the TCCWNA.

46.  Defendant's Terms also contain an indemnification provision which states: "7.) INDEMNIFICATION: You agree to defend, indemnify and hold harmless the Prudential Center and its directors, members, shareholders, partners, employees and respective agents, and contractors from and against all liabilities, claims, damages, costs and expenses, including attorneys' fees arising out of: your use of the Website; any material you post, upload, e-mail or otherwise transmit using the Website; your violation, breach or alleged violation or breach of these Terms of Use."

This provision likewise violates N.J.S.A.56:12-15.

47.  Defendant's Terms also impose a limitation on the amount of liability and it provides: "In NO EVENT SHALL THE TOTAL LIABILITY TO YOU OF THE PRUDENTIAL CENTER OR ANY OF ITS DIRECTORS, MEMBERS, SHAREHOLDERS, PARTNERS, EMPLOYEES, AGENTS, CONTRACTORS AFFLIATES OR OTHER REPRESENTATIVES FOR ALL DAMAGES, LOSSES AND CLAIMS (WHETHER IN CONTRACT OR TORT (INCLUDING, BUT NOT LIMITED TO, NEGLIGENCE)), OR OTHERWISE EXCEED THE AMOUNT PAID BY YOU, IF ANY, FOR ACCESSING THIS WEBSITE".

17

Another section of the Terms provide: "IN NO EVENT SHALL THE RELEASED PARTIES' AGGREGATE LIABILITY UNDER THESE TERMS EXCEED THE TOTAL AMOUNTS PAID BY YOU TO THE RELEASED PARTIES THROUGH THE USE OF THE ADVANCED SERVICES." These limitations on the amount of liability violate N.J.S.A.56:12-15.

Defendant's "Terms & Conditions" Violates N.J.S.A. 56:12-16

48.     N.J.S.A.56:12-16 (TCCWNA) states that "no consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey."

49.     The "Terms & Conditions" contains language stating that " 6.) LIMITATIONS OF LIABILITY: TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAWS, NEITHER THE PRUDENTIAL CENTER NOR ANY OF ITS DIRECTORS, MEMBERS, SHAREHOLDERS, PARTNERS, EMPLOYEES, AGENTS, CONTRACTORS AFFILIATES OR OTHER REPRESENTATIVES WILL BE LIABLE FOR ANY LOSS OR DAMAGES (WHETHER DIRECT OR INDIRECT AND WHETHER CAUSED BY NEGLIGENCE OR OTHERWISE) ARISING OUT OF OR IN CONNECTION WITH THE USE OF, OR INABILITY TO USE, THE MATERIALS IN AND/OR FACILITIES OR SERVICES OFFERED THROUGH THIS WEBSITE, INCLUDING, BUT NOT LIMITED TO, INDIRECT, SPECIAL OR CONSEQUENTIAL LOSS OR DAMAGES, LOSS OF DATA, INCOME, PROFIT OR OPPORTUNITY, LOSS OF OR DAMAGE TO PROPERTY AND CLAIMS OF THIRD PARTIES (EVEN IF THE PRUDENTIAL CENTER HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH LOSS OR DAMAGES, OR SUCH LOSS OR DAMAGES WERE REASONABLY FORESEEABLE). **IF THIS CLAUSE IS UNENFORCEABLE IN WHOLE OR IN PART IN ANY JURISDICTION DUE TO RELEVANT LAWS,** THEN IN NO EVENT SHALL THE TOTAL LIABILITY TO YOU OF THE PRUDENTIAL CENTER OR ANY OF ITS DIRECTORS, MEMBERS, SHAREHOLDERS, PARTNERS, EMPLOYEES, AGENTS, CONTRACTORS AFFLIATES OR OTHER REPRESENTATIVES FOR ALL DAMAGES, LOSSES AND CLAIMS (WHETHER IN CONTRACT OR TORT (INCLUDING, BUT NOT LIMITED TO, NEGLIGENCE)), OR OTHERWISE EXCEED THE AMOUNT PAID BY YOU, IF ANY, FOR ACCESSING THIS WEBSITE. Additionally, the Terms state: **If a provision of these Terms is void or invalid under, or contravenes an, applicable law, then such provision shall be amended to the extent necessary to restore these Terms' validity, effect and compliance**

18

therewith.

The        remainder        of        this        page        is        intentionally        left        blank

These provisions explicitly violate N.J.S.A. 56:12-16 in that they state that certain provisions may be void, unenforceable or inapplicable, without specifying whether the provision is or is not void, unenforceable and/or inapplicable in New Jersey.

## CLASS ACTION ALLEGATIONS

50.     Plaintiff brings this class action pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and all members of the following Class:

**All individual consumers to whom were offered, given, displayed or entered into the Terms of Use on Defendant's website, www.prucenter.com, during the applicable statute of limitations through the date of final judgment in this action.**

51.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment.

52.     Specifically excluded from the proposed Class is Defendant, its officers, directors, and employees. Also excluded from the proposed Class is the Court, the Court's immediate family and Court staff.

### FRCP 23(a) Factors

53.     Numerosity. Membership in the Class is so numerous that separate joinder of each member is impracticable. The precise number of Class Members is unknown at this time but can be readily determined from Defendant's records. Plaintiff reasonably estimates that there are thousands of persons in the Class.

54.     Adequacy of Representation. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel highly experienced in complex

20

consumer class action litigation and intends to prosecute this action vigorously. Plaintiff is a member of the Class described herein and does not have interests antagonistic to, or in conflict with, the other members of the Class.

55.     Typicality. Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class purchased admission tickets from Defendant's website, www.prucenter.com, and were subjected to the illegal and predatory exculpatory and other provisions on that website.

56.     Existence and Predominance of Common Questions of Law and Fact. There are central and substantial questions of law and fact common to all Class Members that control this litigation and predominate over any individual issues. Included within the common questions are the following:

   a)  Whether Defendant includes on its website, www.prucenter.com, a contract entitled "Terms & Conditions" that includes provisions entitled "DISCLAIMER", "LIMITATIONS OF LIABILITY", "INDEMNIFICATION", and "AMENDMENT OF TERMS & CONDITIONS OF USE".

   b)  Whether the provisions of Defendant's "Terms & Conditions" "DISCLAIMER", "LIMITATIONS OF LIABILITY", "INDEMNIFICATION", and "AMENDMENT OF TERMS & CONDITIONS OF USE" contains exculpatory language which purport

to disclaim liability for virtually any claim under tort or negligence or otherwise arising from their purchase of tickets or services from the website, and purportedly absolves Defendant from any liability for intentional tortious conduct and from any liability for dangerous or substandard place for attending its events and/or improperly limit the amount of Defendant's liability;

c) Whether the purportedly exculpatory language in the provision of Defendant's "Terms & Conditions" "DISCLAIMER", "LIMITATIONS OF LIABILITY", "INDEMNIFICATION", and "AMENDMENT OF TERMS & CONDITIONS OF USE" violates New Jersey statutory and common law;

d) Whether the purportedly exculpatory language in the provision of Defendant's "Terms & Conditions" "DISCLAIMER", "LIMITATIONS OF LIABILITY", "INDEMNIFICATION", and "AMENDMENT OF TERMS & CONDITIONS OF USE" violates New Jersey's TCCWNA, N.J.S.A.56:12-15 and N.J.S.A.56:12-16;

e) Whether the failure to identify which provisions are void, unenforceable or inapplicable in New Jersey violates New Jersey TCCWNA, N.J.S.A. 56:12-16;

f) Whether the Class is entitled to relief pursuant to N.J.S.A. 56:12-17, terminating the provisions contained in Defendant's "Terms & Conditions" "DISCLAIMER", "LIMITATIONS OF LIABILITY",

22

"INDEMNIFICATION", and "AMENDMENT OF TERMS & CONDITIONS OF USE";

g) Whether Plaintiff and Class Members are entitled to a civil penalty of not less than $100 for each violation of the TCCWNA pursuant to N.J.S.A. 56:12-17;

h) Whether Plaintiff and Class Members are entitled, pursuant to N.J.S.A. 56:12-17, to reasonable attorneys' fees and court costs, and in what amount; and

i) Whether Plaintiff and Class Members are entitled to declaratory and/or other equitable relief.

FRCP

57.    Defendant has acted on grounds generally applicable to the entire Class, thereby warranting final relief pursuant to N.J.S.A.56:12-17, whereby the above-referenced language in the "DISCLAIMER", "LIMITATIONS OF LIABILITY", "INDEMNIFICATION", and "AMENDMENT OF TERMS & CONDITIONS OF USE" provisions of the "Terms of Use" would be terminated, which would be appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

58.    Relief under N.J.S.A. 56:12-17, whereby the above-referenced language in the provisions "DISCLAIMER", "LIMITATIONS OF LIABILITY", "INDEMNIFICATION", and "AMENDMENT OF TERMS & CONDITIONS OF USE" of the "Terms & Conditions" would be terminated, is

23

necessary to prevent further predatory and illegal business practices by Defendant. Money damages alone will not afford adequate and complete relief, and the relief sought is necessary to restrain Defendant from continuing to commit its predatory and illegal policies.

59.      Common Issues Predominate: As set forth in detail herein above, common issues of fact and law predominate because all of Plaintiff's TCCWNA claims are based on a common course of conduct. Whether the above-referenced language in Defendant's "DISCLAIMER", "LIMITATIONS OF LIABILITY", "INDEMNIFICATION", and "AMENDMENT OF TERMS & CONDITIONS OF USE" provisions contained in its "Terms & Conditions" imposes illegal burdens on consumers is an issue common to all members of the Class and is the predominant issue, and Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

60.      Superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

      a) Given the size of the claims of individual Class Members, as well as the resources of Defendant, few, if any, could afford to seek legal redress individually for the wrongs alleged herein;

24

b)  This action will permit an orderly and expeditious administration of the claims of Class Members, will foster economies of time, effort and expense, and will ensure uniformity of decisions;

c)  Any interest of Class Members in individually controlling the prosecution of separate actions is not practical, creates the potential for inconsistent or contradictory judgments, and would create a burden on the court system;

d)  Without a class action, Class Members will continue to suffer as a consequence of Defendant's illegal and predatory conduct, Defendant's violations of law will proceed without remedy, and Defendant will continue to reap and retain the substantial proceeds derived from its wrongful and unlawful conduct. Plaintiff and the Classes are entitled to appropriate civil penalties. This action presents no difficulties that will impede its management by the Court as a class action.

61.    Certification is also warranted under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final relief pursuant to N.J.SA.56:12-17 appropriate with respect to the Class as a whole.

<u>CLAIM FOR RELIEF</u>

Based on the foregoing allegations, Plaintiffs' claims for relief include the following:

<u>COUNT 1</u>
Violations of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act
("TCCWNA")
N.J.S.A. 56:12-15

62.     Plaintiff hereby incorporates by reference each of the preceding and subsequent paragraphs of this complaint as though fully set forth herein.

63.     The TCCWNA declares "No seller ... shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller…, as established by State or Federal Law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed." N.J.S.A.56:12-15.

64.     Defendant is a "seller" within the meaning of N.J.S.A. 56:12-15.

65.     Plaintiff is a "consumer" as contemplated by N.J.S.A. 56:12-15.

66.     Defendant's "Terms & Conditions" constitute a consumer contract displayed and/or offered by seller to consumers.

67.     The "Terms of Use," as detailed above, include provisions that purport to violate the legal rights of consumers and/or responsibility of the seller.

68.     Defendant has included on its website, www.prucenter.com, language in the "DISCLAIMER", "LIMITATIONS OF LIABILITY", "INDEMNIFICATION", and "AMENDMENT OF TERMS & CONDITIONS OF USE" provisions of the "Terms & Conditions" that purport to disclaim liability for virtually any claim under tort or negligence or otherwise arising from their use of the website and/or purchase or tickets from the website and /or limit the amount of liability.

69.     Such exculpatory provisions are disfavored by New Jersey law because "they undermine one purpose of tort law, which is to deter careless behavior by a party in the best position to prevent injuries in the first place." *See*, Martinez-Santiago, *supra*, 38 F.Supp.3d at 512-13. Moreover, these

provisions purport to deprive Plaintiffs of their right to a cause of action for damages suffered as a result of any unreasonable risk of harm created by Defendant. Likewise, the provision purports to absolve Defendant of its legal responsibility to exercise due care and refrain from creating an unreasonable risk of harm to consumers and/or limit the amount of liability. Such provisions are contrary to well-established principles of common law and contrary to the TCCWNA.

70.     In addition, these "Terms & Conditions" purport to absolve Defendant of its responsibility to provide a safe environment at its events. Defendant states that:

"DISCLAIMER: THIS WEBSITE AND ITS CONTENTS ARE PROVIDED WITHOUT ANY REPRESENTATIONS OR WARRANTIES OF ANY KIND, EITHER EXPRESS OR IMPLIED. THE PRUDENTIAL CENTER DISCLAIMS ALL REPRESENTATIONS AND WARRANTIES, INCLUDING BY WAY OF EXAMPLE BUT NOT LIMITATION, AS TO FITNESS FOR A PARTICULAR PURPOSE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAWS. IN ADDITION, THE PRUDENTIAL CENTER DOES NOT REPRESENT OR WARRANT THAT THE INFORMATION AND/OR FACILITIES ON OR ACCESSIBLE VIA THIS WEBSITE ARE ACCURATE, COMPLETE OR CURRENT, OR THAT THIS WEBSITE OR ANY SOFTWARE ON THIS WEBSITE WILL BE FREE OF DEFECTS, INCLUDING, BUT NOT LIMITED TO, VIRUSES, WORMS, OR OTHER HARMFUL ELEMENTS THAT MAY DAMAGE OR DESTROY YOUR COMPUTER HARDWARE OR SOFTWARE OR TELECOMMUNICATIONS APPARATUS. THE USER OF THIS WEBSITE ASSUMES ALL COSTS ARISING AS A RESULT OF THE USE OF THIS WEBSITE. While the Prudential Center tries to provide accurate information on this Website, the Prudential Center explicitly disclaims any responsibility for the accuracy, Content, or availability of information found on sites that link to or from this Website. The Prudential Center cannot ensure that you will be satisfied with any products or services that you purchase from a third-party site that links to or from this Website or third-party content on our Website. The Prudential Center does not endorse any of the merchandise, nor have we taken any steps to confirm the accuracy or reliability of any information contained in such third-party sites or content. The Prudential Center does not make any representations or warranties as to the security of any information (including, without limitation, credit card and other personal information) you might be requested to give any third-party, and you hereby irrevocably waive any claim against us with respect to such sites and third-party content". Likewise, the "Terms & Conditions" purport to bar Plaintiffs from asserting a claim under the NJPLA for injuries suffered as a result of Defendant's dangerous conditions. The "Terms & Conditions" are contrary to the NJPLA and defies the Legislature's intent in attempting to address the "urgent need" to protect consumers from dangerous conditions. *See*

27

N.J.S.A.2A:58C-l. Notwithstanding the chilling effect on the marketplace as a whole were this provision to be found lawful, this provision defies the clear language of the NJPLA and thus violates the TCCWNA.

71.     Further, the "Terms & Conditions" purport to absolve Defendant of its duty as a business to protect consumers and prospective customers from the illegal acts of third parties. Defendant has a duty under the common law, N.J.S.A.56:8-161, *et seq.* and various Federal Regulatory Standards to protect customers from the illegal acts of third parties. *See* Butler, *supra* 89 N.J. 284 (business owner has a duty to protect against third-party criminal acts since, "the business invitor is in the best position to provide either warnings or adequate protection for its patrons . . . [and] the public interest lies in providing a reasonably safe place for a patron to shop[.]"); Wyndham Worldwide Corp., 10 F.Supp.3d 608-09 (Plaintiff had cause of action against online business since substandard internet security measures were cause in fact of plaintiffs' injuries despite intervening acts of third-party hackers.); N.J.S.A. 56:8-163.


72.     Defendant purports to do away with its responsibility to take reasonable steps to ensure security measures are in place to protect Plaintiffs and their personal information from the criminal acts of third-party hackers. Likewise, Defendant purports to deny Plaintiffs' their legal right to pursue a cause of action against Defendants for their failure to take basic reasonable steps required under the common law, N.J.S.A. 56:8-161, *et al.* and applicable regulatory schemes. This provision is unlawful and violates the TCCWNA.

28

73.     Moreover, the "Terms & Conditions" purport to bar Plaintiffs from seeking punitive damages for any and all harm caused by Defendant, because it states that

"LIMITATIONS OF LIABILITY: TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAWS, NEITHER THE PRUDENTIAL CENTER NOR ANY OF ITS DIRECTORS, MEMBERS, SHAREHOLDERS, PARTNERS, EMPLOYEES, AGENTS, CONTRACTORS AFFILIATES OR OTHER REPRESENTATIVES WILL BE LIABLE FOR ANY LOSS OR DAMAGES (WHETHER DIRECT OR INDIRECT AND WHETHER CAUSED BY NEGLIGENCE OR OTHERWISE) ARISING OUT OF OR IN CONNECTION WITH THE USE OF, OR INABILITY TO USE, THE MATERIALS IN AND/OR FACILITIES OR SERVICES OFFERED THROUGH THIS WEBSITE, INCLUDING, BUT NOT LIMITED TO, INDIRECT, SPECIAL OR CONSEQUENTIAL LOSS OR DAMAGES, LOSS OF DATA, INCOME, PROFIT OR OPPORTUNITY, LOSS OF OR DAMAGE TO PROPERTY AND CLAIMS OF THIRD PARTIES (EVEN IF THE PRUDENTIAL CENTER HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH LOSS OR DAMAGES, OR SUCH LOSS OR DAMAGES WERE REASONABLY FORESEEABLE)."

It further states:

"THE RELEASED PARTIES SHALL NOT BE LIABLE FOR ANY DIRECT, INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES ARISING OUT OF YOUR OR ANYONE ELSES' ACCESS TO, USE OF OR INABILITY TO USE THE ADVANCED SERVICES, ANY INFORMATION PROVIDED ON THE ADVANCED SERVICES OR ANY TRANSACTIONS OR OTHER ACTIVITIES ENTERED INTO THROUGH THE ADVANCED SERVICES (EVEN IF SUCH RELEASED PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES). IN NO EVENT SHALL THE RELEASED PARTIES' AGGREGATE LIABILITY UNDER THESE TERMS EXCEED THE TOTAL AMOUNTS PAID BY YOU TO THE RELEASED PARTIES THROUGH THE USE OF THE ADVANCED SERVICES. WITHOUT LIMITING THE FOREGOING, THE ADVANCED SERVICES ARE PROVIDED ON AN "AS IS" AND "AS AVAILABLE" BASIS, WITHOUT WARRANTY OF ANY KIND, EITHER EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND NON-INFRINGEMENT. No information, whether oral or written, obtained by you from any Released Party shall create any warranty not expressly made in these Terms. No Released Party shall be liable for any damages to, or viruses that may infect, your computer equipment or other

29

property on account of your access to or use of the Advanced Services or your downloading of any material or information from, or referred to by, the Advanced Services."

Such provisions are contrary to the NJPDA. These provisions purport to absolve Defendant of its legal obligation to refrain from maliciously and/or with wanton disregard and/or willfullness, creating an unreasonable risk of harm to consumers and prospective consumers. Likewise, the provisions purport to bar Plaintiffs who adequately plead and demonstrate punitive damages from pursuing same. These provisions violate the TCCWNA.

74.    Also, the "Terms & Conditions" purport to bar Plaintiffs from exercising their legal rights and purport to absolve Defendant of its legal duty to refrain from causing economic damage and/or property damage to consumers and prospective customers. By purporting to bar Plaintiffs from seeking damages, whether in tort or in contract, Defendant violates the TCCWNA.

75.    Plaintiff reserves the right to identify additional provisions of the law violated by Defendant as further investigation and discovery warrant.

<u>COUNT 11</u>
Violations of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act
("TCCWNA")
N.J.S.A. 56:12-16

76.    Plaintiff hereby incorporates by reference each of the preceding and subsequent paragraphs of this complaint as though fully set forth herein.

78.    The TCCWNA declares **"No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey; provided however, that this shall not apply to warranties."** N.J.S.A.56:12-16.

30

79.    The "Terms & Conditions" constitute a consumer contract displayed and/or offered by seller to consumers and/or prospective consumers as described in N.J.S.A.56:12-1, as agreement to the terms are required.    The website states the following: "THE FOLLOWING TERMS AND CONDITIONS APPLY TO YOUR USE OF THE WEBSITE. PLEASE CAREFULLY READ THESE TERMS AND CONDITIONS OF USE ("Terms of Use") BEFORE ACCESSING AND/OR USING THE WEBSITE." It also states: "Terms of Use Close Your Consent to these Terms, and How these Terms may be Amended."

80.    Defendant has included in its "Terms & Conditions" language stating that: "DISCLAIMER: THIS WEBSITE AND ITS CONTENTS ARE PROVIDED WITHOUT ANY REPRESENTATIONS OR WARRANTIES OF ANY KIND, EITHER EXPRESS OR IMPLIED. THE PRUDENTIAL CENTER DISCLAIMS ALL REPRESENTATIONS AND WARRANTIES, INCLUDING BY WAY OF EXAMPLE BUT NOT LIMITATION, AS TO FITNESS FOR A PARTICULAR PURPOSE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAWS." "THE ADVANCED SERVICES ARE PROVIDED ON AN "AS IS" AND "AS AVAILABLE" BASIS, WITHOUT WARRANTY OF ANY KIND, EITHER EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND NON-INFRINGEMENT."

81.    Such provisions are not a warranty as they are not a guarantee or promise providing assurance to either party.

82.    Accordingly, these terms are unlawful under N.J.S.A. 56:12-16 in that they state certain provisions are void, unenforceable and/or inapplicable in certain jurisdictions without specifying whether the provisions are void, unenforceable and/or inapplicable in New Jersey.

83.    Pursuant to N.J.S.A. 56:12-17, Plaintiff and the Class are entitled to (a) a civil penalty of not less than $100, payable to Plaintiff and each Class Member, for each violation of the TCCWNA; and (b) reasonable attorneys' fees and court costs.

84.     Plaintiff reserves the right to identify additional provisions of the law violated by Defendant as further investigation and discovery warrant.

<u>DEMAND/PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff on behalf of herself and members of the Class defined herein, prays for judgment and relief as follows:

A.     An Order certifying that this action may be maintained as a class action;

B.     An Order appointing Plaintiff as Class Representative and her counsel as Counsel for the Class;

C.     Judgment awarding to Plaintiff and Class Members not less than $100 for each violation of the TCCWNA;

D.     An Order terminating the above-referenced language in the provisions of the "Terms & Conditions" set forth on Defendant's website, www.prucenter.com, and ordering Defendant to remove said terms from its website;

E.   Plaintiff's reasonable attorneys' fees and court costs; and

F.   Such other and further relief as the Court may deem necessary and appropriate.

<u>JURY DEMAND</u>

Plaintiff and Class Members, pursuant to Fed. R Civ. P. 38(b), hereby demand trial by jury.

32

Respectfully submitted,
Avi Naveh, Esq.

By:

s/Avi Naveh

Avi Naveh, ESQ.

Avi Naveh, Esq. NJ Bar No.1938-2004
32-02 Norwood Dr.
Fair Lawn, New Jersey 07410
Phone: (646) 881-4471
Fax (661) 430-4471
avi@navehlaw.com

Jeffrey M. Gottlieb, Esq. (JG-7905) *

Dana L. Gottlieb, Esq. (DG-6151) *

Gottlieb & Associates

150 East 18th Street

Suite PHR

New York, NY 10003

NYJG@aol.com

danalgottlieb@aol.com

*Pro hac vice to be filed

Attorneys for Plaintiff

Dated: April 8, 2016

33